FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 13 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAROLYN GRIER                                                     PLAINTIFF

v.                      No. 4:22-cv-00011-KGB-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                    DEFENDANT

### RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I. Introduction

On February 10, 2020, Carolyn Grier ("Grier") filed a Title II application for disability insurance benefits, alleging disability beginning on January 20, 2020. (Tr. at 15, 137-140). In a written decision dated May 3, 2021, an administrative law judge (ALJ) denied the application. (Tr. at 15-28). The Appeals Council denied Grier's

request for review on October 29, 2021. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Grier has requested judicial review.

For the reasons stated below, the Court concludes that the Commissioner's decision should be reversed and remanded.

## II. The Commissioner's Decision

At Step One of the required five-step analysis, the ALJ found that Grier had not engaged in substantial gainful activity from her alleged onset date of January 20, 2020, through the date of the ALJ's decision.[1] (Tr. at 17).

At Step Two, the ALJ determined that Grier's obesity, peripheral neuropathy, spine disorders, fibromyalgia, and migraines were severe impairments. (Tr. at 17-19).

After finding that Grier's impairments did not meet or equal a listed impairment (Tr. at 19),[2] the ALJ determined that Grier had the residual functional

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g).

[2] See 20 C.F.R. Part 404, Subpt. P, Appendix 1.

capacity (RFC)[3] to perform work at the light exertional level, except she could only occasionally climb, balance, crawl, kneel, stoop, and crouch. (Tr. at 19-22).

At Step Four, the ALJ determined that Grier was unable to perform any past relevant work. (Tr. at 22-23). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Grier's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions such as cashier II, small product assembler I, and power screwdriver operator. (Tr. at 23-24). Thus, the ALJ concluded that Grier was "not disabled." (Tr. at 24).

### III. Discussion

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

---

[3] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of their impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

### B. Grier's Arguments on Appeal

Grier contends the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ failed to: (1) properly evaluate her severe obesity; (2) articulate sufficient rationale for rejecting the opinions of a treating physician's assistant; and (3) account for limitations associated with severe migraines in the RFC determination. *Doc. 12*. The Commissioner responds that the

4

ALJ's decision is supported by substantial evidence in the record and Grier does not show any reversible error. *Doc. 13.* The record establishes the ALJ erred in Grier's RFC determination.

The ALJ specifically found that Grier's migraines were a "severe" impairment. (Tr. at 17). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). The ALJ, however, failed to provide any migraine related limitations in basic work activities when determining Grier's RFC. (Tr. at 22).

The ALJ found Grier could perform light work with postural limitations. (Tr. at 19-22). The ALJ did not provide any environmental limitations typically associated with severe migraines, i.e., the need to avoid loud noise, bright or flashing lights, industrial fumes, or extreme temperature changes. The ALJ also found no nonexertional limitations in Grier's RFC.[4] *Id.*

When considering the four areas of mental functioning, the ALJ did not even mention migraines. (Tr. at 18). When determining RFC, which "requires a more

---

[4] Nonexertional limitations are "limitations and restrictions imposed by your impairment(s) and related symptoms [that] affect only your ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(c). Nonexertional limitations or restrictions include difficulty functioning because you are nervous, anxious, or depressed; difficulty maintaining attention or concentrating; and difficulty understanding or remembering detailed instructions. *Id.*

detailed assessment" than the broad consideration of mental functioning, the ALJ mentioned migraines only once, stating:

> The claimant alleged she is unable to perform any work activity because of fibromyalgia, neuropathy, chronic obstructive pulmonary disease (COPD), rheumatoid arthritis, *migraines*, hypothyroidism, depression, and anxiety. (Tr. at 20) (emphasis added).

The ALJ's decision does not provide how severe migraines limit any basic work activity. And despite being a "severe" impairment, there is no limitation associated with migraines in the RFC.

The Commissioner also does not identify any migraine related limitation in the ALJ's RFC. *Doc. 13, at 4-5*. Instead, the Commissioner cites a "good response to medications for migraine headaches" and lack of need for emergent care when Grier went two months without medication. *Id.*

The Commissioner cannot discount the finding of "severe" migraines, or the fact that finding required some limitation. "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), report and recommendation adopted, No. 4:18-CV-212-JLH-BD, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019); see also *Franklin v. Comm'r of Soc. Sec. Admin.*, No. 4:20-CV-01037-BSM-ERE, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, No.

6

4:20-CV-01037-BSM, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) ("The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC.").

A claimant's RFC must fully account for all of his or her impairments. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). The ALJ failed to account for Grier's severe migraines in the RFC. The error in determining RFC resulted in deficient vocational evidence at Step 5. (Tr. at 23-24, 43-45). Accordingly, this record does not provide substantial evidence Grier could perform any jobs the ALJ used to make the finding of "not disabled." (Tr. at 23-24).

## IV. Conclusion

Despite finding Grier's migraines were a "severe" impairment, the ALJ failed to provide any migraine related limitation in any basic work activities. The ALJ's RFC decision and vocational finding is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to reconsider Grier's RFC.

DATED this 13th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE